IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RALPH REED, | § | |
| | § | |
| Defendant Below, | § | No. 302, 2025 |
| Appellant, | § | |
| | § | Court Below—Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 9911018706 (S) |
| | § | |
| Appellee. | § | |

Submitted: September 16, 2025
Decided: October 24, 2025

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Ralph Reed, filed this appeal from a Superior Court order denying his motion for correction of illegal sentence. The State of Delaware has moved to affirm the Superior Court's judgment on the grounds that it is manifest on the face of Reed's opening brief that the appeal is without merit. We agree and affirm.

(2) A Superior Court jury convicted Reed of first-degree murder and possession of a firearm during the commission of a felony ("PFDCF"). The charges arose from the fatal shooting of Gregory Howard in November 1999, when Reed

was eighteen years old. The Superior Court sentenced Reed to life imprisonment without parole for the murder conviction and twenty years of incarceration for the firearm conviction. This Court affirmed on direct appeal.[1]

(3) In June 2025, Reed filed a motion for correction of illegal sentence. He argued that his sentences were illegal under *Erlinger v. United States*[2] because the sentencing judge enhanced his sentences based on factual findings not made by a jury. He also contended that his life-without-parole sentence was unconstitutional because he was between the ages of eighteen and twenty when he committed the crimes. The Superior Court denied the motion. This appeal followed.

(4) We review the denial of a motion for correction of illegal sentence for abuse of discretion.[3] To the extent a claim involves a question of law, we review the claim *de novo*.[4] A sentence is illegal if it exceeds statutory limits, violates the Double Jeopardy Clause, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[5]

---

[1] *Reed v. State*, 782 A.2d 266, 2001 WL 819587, at *1 (Del. July 12, 2001) (TABLE).
[2] 602 U.S. 821 (2024).
[3] *Fountain v. State*, 100 A.3d 1021, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014) (TABLE).
[4] *Id.*
[5] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

2

(5)     As he did below, Reed argues that the Superior Court enhanced his sentences without jury findings as required by *Erlinger* and that his life-without-parole sentence was unconstitutional because he was an "emerging adult" between the ages of eighteen and twenty at the time of the crimes.[6] He also contends that the indictment failed to include facts essential to the charged crimes and sentences, but he did not raise this claim below and we will not consider it for the first time on appeal.[7]

(6)     In *Erlinger*, the United State Supreme Court considered a sentence imposed under the federal Armed Career Criminal Act and stated that "[v]irtually 'any fact' that 'increase[s] the prescribed range of penalties to which a criminal defendant is exposed' must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."[8] *Erlinger*, as the Superior Court recognized, did not apply in this case because the sentencing judge made no factual determinations exposing Reed to a higher maximum or minimum sentence. At the time Reed committed the crimes, the sentence for first-degree murder was death or life imprisonment without parole.[9] The sentencing range for PFDCF was three to twenty years of Level V incarceration, with the three year-minimum increasing to

---

[6] Op. Br. at 3.
[7] Supr. Ct. R. 8.
[8] *Erlinger,* 602 U.S. at 834 (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)).
[9] 11 *Del. C.* § 4209(a) (1999).

3

five years for a defendant with two previous felony convictions.[10]  The Superior Court sentenced Reed to life imprisonment without parole for first-degree murder, and the statutory maximum sentence of twenty years imprisonment for PFDCF.  The sentencing judge made no factual determinations exposing Reed to a higher maximum or minimum sentence, and both sentences fell within the statutory ranges.

(7)  As to Reed's claim that his life-without-parole sentence is unconstitutional because he was eighteen at the time of the crimes, the Court has previously rejected this argument.[11]  The Superior Court did not commit reversible error in denying Reed's motion for correction of illegal sentence.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[10] 11 *Del. C.* § 1447A(a)-(c) (1999) (defining PFDCF as a class B felony with a three-year minimum sentence increasing to five years for a defendant with two previous felony convictions); 11 *Del. C.* § 4205(b)(2) (1999) (providing for a two to twenty year sentencing range for class B felonies).

[11] *See Reed v. State*, 2024 WL 4457496, at *3 (Del. Oct. 9. 2024) (rejecting Reed's argument that Section 4209 was "unconstitutional as applied to youthful offenders who, like him, were between the ages of eighteen and twenty when they committed their crimes").